UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

FILED

SEP 15 2011

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Cassie Elizabeth McKenzie          31788-074

_____

_____

_____

*(Enter above the full name of the plaintiff
or plaintiffs in this action).*          *(Inmate Reg. # of each Plaintiff)*

**VERSUS**          CIVIL ACTION NO. 1:11 — 0622
          *(Number to be assigned by Court)*

Myron L. Batts (Warden)
Tina Altizer (Unit Manager)

_____

_____

*(Enter above the full name of the defendant
or defendants in this action)*

## COMPLAINT

I.    **Previous Lawsuits**

A.    Have you begun other lawsuits in state or federal court dealing with the same
facts involved in this action or otherwise relating to your imprisonment?

Yes _____          No __X__

1

B.  If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

    1.  Parties to this previous lawsuit:

        Plaintiffs:  _____

                    _____

                    _____

        Defendants:  _____

                    _____

                    _____

    2.  Court (if federal court, name the district; if state court, name the county);

        _____

        _____

    3.  Docket Number:  _____

    4.  Name of judge to whom case was assigned:

        _____

    5.  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

        _____

        _____

    6.  Approximate date of filing lawsuit:  _____

    7.  Approximate date of disposition:  _____

2

II.   **Place of Present Confinement:** _Alderson, WV_

A.   Is there a prisoner grievance procedure in this institution?

Yes _X_      No _____

B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes _X_      No _____

C.   If you answer is YES:

1.   What steps did you take? _Inmate McKenzie submitted informal resolution (Cop-out); Institution BP-9; BP-10; BP-11 (pending)_

2.   What was the result? _Denied relief and resolution at all levels - BP-11 still pending review_

D.   If your answer is NO, explain why not: _____

_____

III.   **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

A.   Name of Plaintiff: _Cassie McKenzie 31788-074_

Address: _Alderson Federal Prison Camp, P.O Box A Alderson, WV 24910 Unit B-3_

B.   Additional Plaintiff(s) and Address(es): _____

_____

_____

_____

3

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C.   Defendant: Myron L. Batts

is employed as: Warden

at FPC Alderson, WV

D.   Additional defendants: Tina Altizer - employed as Unit Manager at FPC Alderson, WV

## IV.   Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

SEE ATTACHED: STATEMENTS OF Claim (1)-(4) Along w/Accompany Attachments That Follow

4

IV.   **Statement of Claim (continued):**

V.   **Relief**

<u>State briefly exactly what you want the court to do for you.</u>  Make no legal arguments.
Cite no cases or statutes.

Reconsideration for denied FTCA Claim 150,000
dollars (Based on Statement of Claim (2)) ;
Nominal and Punitive damage relief - #700.00
(nominal) and #100,000.00 for each defendant
named (Punitive) ; compensatory damages
#75,000.00 for constitutional prohibited act
by government personnel Unit Manager
Tina Altizer.

**V.**     **Relief (continued)):**

_____

_____

_____

_____

_____

_____

**VII.**   **Counsel**

A.     If someone other than a lawyer is assisting you in preparing this case, state the person's name:

_____

B.     Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes _X_          No _____

If so, state the name(s) and address(es) of each lawyer contacted:

ACLU National Prison Prj. 915 15th St. N.W.,
7th Flr, Attn: Tom Jawetz, Washington, DC 20005

If not, state your reasons: _____

_____

C.     Have you previously had a lawyer representing you in a civil action in this court?

Yes _____          No _X_

If so, state the lawyer's name and address:

_____

_____

Signed this 6th day of November , 20 10 .

_Cassie M_____

_____

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/6/10 .
          (Date)

_Cassie M_____

Signature of Movant/Plaintiff

_____

Signature of Attorney
(if any)

**Statement Of Claim (1): Inmate McKenzie was ultimately subjected to 'Cruel and Unusual' punishment - Eighth Amenment Violation - because of her faith concerning a pending litigation in court.**

SEE ATTACHED: BP-9 RESUBMITTED TO INSTITUTION LEVEL
ALONG W/WARDEN'S RESPONSE

Inmate McKenzie(Plaintiff) addressed Warden of the Insti-
in hopes of seeking redress from Unit Manager Tina Altizer's
derogatory behavior. Inmate McKenzie initially sent cop-out
(informal resolution) to Warden (Myron L. Batts) to inform him
of misconducted behavior. Inmate McKenzie did not go into detail
concerning derogatory behavior exhibited by Unit Manager,but was
assured that some justice would be served (i.e. apology, meeting
with Unit Manager along with Warden). After resubmitting institu-
tion BP-9, Warden did not assure any redress on Inmate McKenzie's
behalf. Alledge Staff member denied allegations and Inmate McKenzie
will still be subjected to 'cruel and unusual' punishment in future
teams if relief sought in BP-11 is not granted (unable to Attach
BP-11 - still pending as of 11/3/10 and Inmate McKenzie at this
time cannot make necessary copies because she was unable due to
insufficient funds and no other staff will likely provide free
copies because allegation involves Unit Manager, Counselor, Case
Manager and Warden of institution).

EXTENSION OF TIME FOR RESPONSE – ADMINISTRATIVE REMEDY

DATE: AUGUST 11, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ALDERSON FPC

TO  : CASSIE MCKENZIE, 31788-074
      ALDERSON FPC     UNT: 4     QTR: B03-541U

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 599068-F1
DATE RECEIVED  : JULY 20, 2010
RESPONSE DUE   : AUGUST 29, 2010
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JULY 20, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ALDERSON FPC

TO  : CASSIE MCKENZIE, 31788-074
      ALDERSON FPC      UNT: 4      QTR: B03-541U

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 599068-F1
DATE RECEIVED   : JULY 20, 2010
RESPONSE DUE    : AUGUST 9, 2010
SUBJECT 1       : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

## RESPONSE TO ADMINISTRATIVE REMEDY
### 599068-F1

This is in response to your Request for Administrative Remedy, receipted on July 20, 2010, in which you indicate your Unit Manager exhibited behavior incoherent with the Employee Conduct PS 3420.09, Abusive/Obscene Language regarding your religious belief.  You indicate you submitted a "cop-out" to the Warden regarding the Unit Manager's derogatory behavior on April 13, 2010.  You indicate you did not elaborate in detail to the Warden regarding the Unit Manager's behavior because you believed a thorough investigation would have been conducted later, and you would have been able to discuss with the investigator along with the Unit Manager the issues related to the derogatory comments. You feel obscene behavior regarding your belief in God was reflected in the Unit Manager pestering you to work UNICOR and made a derogatory comment regarding your faith in God. Additionally, the Unit Manager said harshly to you, "I know you're in that church thing, do you got any certificates for that?"  I told her we get certificates when we leave the institution.  I'm in 4 auxiliaries.  She replies very rudely, "Huh, You're God!  You believing God!  What you got?  Something in appellate court!  Doesn't stand a chance!  Huh!"  She continued sarcastically laughing in low undertones and mumbling. You were very upset and humiliated because you had to hear her laugh at your belief in God concerning a pending litigation in the federal court.  You request a thorough interview regarding the ethical standards in conducting unit team Program Reviews with the Unit Manager in accordance to the procedures outlines in the Standards of Employee Conduct PS 3420.09.  Additionally, approximately two years ago, you witnessed the Unit Manager speak abruptly to the  Counselor about an ongoing matter concerning several inmates in which she spoke harshly while pointing her fingers directly in the counselor's nose, approximately a half-inch.  Furthermore, you witnessed a few months back in the housing unit a comment by the Unit Manager about the Counselor in which she stated, "She can never do things right," and the Counselor repeatedly apologized.  You request an evaluation of the derogatory behavior.

As noted, your statements in the Inmate Request to Staff Member, dated April 13, 2010, were significantly different then as noted above.  While the Unit Team members present agree, you were highly encouraged to program and many questions were asked of you in an attempt to develop a program plan, you were repeatedly objective regarding any programs recommended.  You did not feel they would benefit you upon release.  While staff were seeking information to develop a plan, you found that offensive. However, it was noted during the review, you did not participate in any programs for the past two years as noted on the Inmate Education Data Transcript at that time.  As a result, you were encouraged to participate in something to document your level of responsibility.  At no time did anyone recall a comment regarding your religious faith by any staff member present.

As a result, I can find no evidence to support your allegation of faith discrimination.

Additionally, as for your witnessed accounts of the Unit Manager yelling at the Counselor and speaking harshly with her in the housing unit.  Your allegations were investigated and no evidence supports your statements.  All staff are trained in their grievance process annually regarding staffing/conduct concerns.

All inmates are encouraged to participate in programming while incarcerated.  While programming may be limited in your interests, many opportunities are available, and you are encouraged to participate in programming to assist in your release needs.

Accordingly, based upon the above information, your Request for Administrative Remedy is denied.  If you are not satisfied with this reply, you may submit an appeal to the Regional Director, Mid-Atlantic Regional Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701 on the appropriate form (BP-10) within 20 calendar days of the date of this response.


Myron L. Batts, Warden                    8/10/10
                                          Date

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

## REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | McKenzie,Cassie E. | 31788-074 | B-3 | FPC Alderson,WV |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

### Part A– INMATE REQUEST

**Grounds For Relief:** Faith discrimination is an issue to me that is warranted consideration for review if it involves my faith centered around a higher power in dealing with any situation involving me. Government personnel should not use bully tactics in order for one to adhere to program completion requirements.Staff members should conduct themselves in accordance to the ethical standards outlined in PS 3420.09 Standards of Employee Conduct.

SEE ATTACHED STATEMENT OF FACTS,RELIEF SOUGHT,INMATE COP_OUT (INFORMAL RESOLUTION), WARDEN'S RESPOND TO INMATE COP_OUT

07/14/2010

_____
DATE

_____
SIGNATURE OF REQUESTER

### Part B– RESPONSE

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

### Part C– RECEIPT

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Statement of Facts:** Unit Manager Tina Altizer exhibited behavior incoherent with Standards of Employee Conduct PS 3420.09 - 'Abusive/Obscene Language': regarding inmate's religious belief. Inmate (McKenzie) already submitted Cop-Out to institution Warden regarding Unit Manager's derogatory behavior (4/13/10) and received response from Warden (Mr. Batts) 04/26/10. Inmate was not satisfy with informal re-solution and proceeded through other channels via BP-10 and BP-11. Inmate received rejection notices and was told through last rejection notice to submit BP-9 through institution first because subject discussed above is not sensitive to warrant consider-ation for review without seeking review through institution first. Inmate did not ela-borate in detail to institution Warden regarding Unit Manager's behavior because inmate believed a through investigation would have been conducted and later inmate would have been able to discuss with investigating officer along with Unit Manager to settle any issues related with program review without the derogatory comments. Inmate presents the following commentary support to show Unit Manager's obscene behavior regarding inmate's belief in God: Not only did Unit Manager pestered me to quit my current work assignment and work UNICOR as a telephone operator but made a derogatory comment regarding my faith in God. As we discussed certificates (during unit program review), Unit Manager said harshly, "I know you're in that church thing, do you got any certificates for that?!" I told her we only get certificates when we leave the institution. I'm in 4 auxillaries (3 choirs and Al-derson Christian Drama Team). When I told her that, she said very rudely, 'Huh! You're God! You believing God! What you got? Something in appellate court! doesn't stand a chance!Huh!' She then pushed back her chair got up and was mumbling under her breath and went to her office (in the middle of program review). She continued sarcastically laughing in low under tones and mumbling. She then told other staff (at meeting)-she got to 'get out of here and go downstairs to another unit team meetin.' I was very upset and humiliated because I had to hear her laugh at my belief in God concerning a pending litigation in the federal court.

**Relief Sought:** Inmate is requesting a thorough interview regarding ethical standards in con-ducting Unit Team Program reviews with Unit Manager Tina Altizer in accordance to the pro-cedures outlined in Standards of Employee Conduct PS 3420.09. Inmate would also like to re-quest another concern that happened 2 years ago at inmate's first Unit Team. Unit Manager spoke abruptly at Counselor Teresa Webb about an ongoing matter concerning several inmates at my first Unit Team. She said harshly while pointing her fingers directly in her nose (a half-inch), "Whatever visitation forms you are working on, you stop it right now! You here me!" Counselor Webb responded with a nod and yes. I also witness several months back (this spring) yelling at Counselor Webb inside of inmate's living quarter (I was lying on bunk and awoke to comment directed toward Counselor Webb , Unit Manager said, 'she can never do things right' - something of that nature - and Counselor Webb repeatedly apologized, "I'm sorry Mrs. Altizer, I promise it want happen again. I'm sorry." Inmate has also heard other comments concerning Unit's Manager's behavior toward Counselor Webb. Inmate is asking for Institution to evaluate **Unit Manager's derogatory** behavior regarding Counselor Webb-as in-mate mentioned above, this matter saddenned me when I witnessed behavior.

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
| Mr. Batts (Warden) | 4/13/10 |
| FROM: | REGISTER NO.: |
| Cassie McKenzie | 31788-074 |
| WORK ASSIGNMENT: | UNIT: |
| Recreation | B-3 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

SEE ATTACHMENTS Thank You
Cassie McKenzie

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



Date: 4/13/10

Re: Inmate Unit Team Complaint / Inmate Job Suggestion

(Part 1) After an hour and half wait, I was awaited by unit staff. The first word spoken by case manager was 'You haven't done any programming.' I tried to explain to staff that I was on several waiting list and some have been terminated - no longer available Culinary Arts. She along with unit manager said I needed to try and expand my horizon to other skills. The unit manager felt the current job placement I'm working at is a waste of time. I need to try and work at UNICOR. What I didn't get to explain fully was that this facility has nothing to challenge my skills, as to the level of engineering. I was studying chemical and civil engineering before I was arrested. I never got to the in depth part of my study, because I had to complete all the necessary required courses such as Calculus III, Statics, Dynamics, Physics, Chemistry I and II etc., before going to the next level. I understand this facility doesn't have classes at that caliber but I feel I shouldn't be forced to take upon a skill, I will not utilize upon my release. My job description with the military was a 21E - Heavy Equipment Operator. I drove the scraper, dozer, front loader, dump truck and tractor trailer. We were taught how to do flat bottom ditches and clear mine fields with the dozer, transport troops in a dump truck, and to grade a field with a grader. I don't plan on becoming a telephone operator when I leave here working at UNICOR I informed team, of my immediate plans upon release in this order - Re-enlist in the military, register for classes, and find a job, take advantage of the Second Chance Act and get my record expunged.

Pg1

(Part 1 Continued)

I'm upset because this is the second team were I'm being humiliated about where I work at— 'A waste of time, find another job!' I have explored other options with the apprentiship program such as powerhouse. I personally went to speak with staff and never received any feed back. I wrote a cop-out to Carpentry and still haven't received feed back (several months ago). I feel, besides the apprentiship programs, there is nothing that will be able to challenge my skills. I want to take college courses I was previously working on before my incarceration. I still informed Unit Team that there are no resources where I can find addresses to businesses to contact information about receiving benefits for felons trying to receive help in my area. The phone list book in the Law library dates are as early as 2004. They are not current. Unit Team does not seem to understand, I have been working diligently on my case and utilize my mind by reading some of the educational books in the library. They have books you can check out to help prepare you for future exams in Differential Equations, Calculus and even Physics. These books are very intense and detailed, and current, because I remeber some of the problems discussed when I was taking Calculus. My resolution is for Unit Team to try and not force me to do a skill or Job I'm not interested in and for them to not humilliate me by telling me, my job is a waste of time. Instead build me up and try to encourage me to pursue my goals and engineering.

Pg 2



## Job Suggestion

My suggestion is more like a creation. A job to help incompetent inmates with legal work. This job duty consists of typing documents to the court and helping inmates conform motions to the court. The inmate tech will help the incompetent inmate research case law related their case. The incompetent inmate will write out their petition to the court. The inmate tech will proofread any errors and then put it in the form of a motion. The inmate tech be of assistance during law library hours — 12:45-3:00pm and 6-8:00pm daily. Tech's will have a small section in the law — apart from the regular law library study section and typing section. This is a job I will be very beneficial at and very familiar with. This suggestion is due to the dissatisfactory comments discussed by unit team. I know I can be a benefit, if I'm given an opportunity to help women with incompatible needs.

Thank You For Your Time,

Cassie McKenzie

Cassie McKenzie
31788-074, Unit B-3

Pg 3

INMATE REQUEST TO STAFF MEMBER

**MCKENZIE, Cassie**
**Reg. No. 31788-074**
**Unit: B-3**

This is in response to your Inmate Request to Staff Member dated
April 13, 2010, regarding your concerns for job suggestions and
your unit team.

You were encouraged by your unit team at your last program review
to complete programming during incarceration due to lack of
programming since your arrival at this facility.  You are
encouraged to continue seeking opportunities in areas that
interest you.  At the present time there are no plans to
implement any position that would allow inmates to assist other
inmates with legal issues.

I trust this addresses your concerns.  If you have any further
questions, feel free to contact your Unit Team.

_____          _____
Myron L. Batts, Warden                    Date

Statement Of  Claim (2): FTCA regarding Unit Manager's Derogatory Behavior —
In the Amount of 150,000.00 Dollars — Should Be reconsidered for appropriate
review to Amend and Attach United States liability imposed for the Negligent
Omission by government personnel Myron L. Batts for not 'ensuring' Plaintiff
(inmate) protection from 'Inalienable Rights' (subsistence) which also entwines
Breach of Duty outlined in Title 18 U.S.C §4042 vested upon 'Duties of Bureau of
Prisons' providing inmates' subsistence[1]

I. Government Personnel Neglected To Ensure Any Subsistence To Thwart Behavior
   Exhibited By Unit Manager Tina Altizer

        SEE WARDEN'S RESPONSE: dated 4/26/10 When the Warden responded
        by saying,"You were encouraged by Unit Team..."—Attached to Statement
        of Claim(1)

     Warden should have known Inmate McKenzie (Plaintiff) was not ultimately

'encouraged' when she made comment in cop-out stating:

        I feel I shouldn't be forced to take upon a skill...I'm
        upset, because this is the second team were I'm being
        humiliated...My resolution is for Unit Team to try and
        not force me to do a skill or job...and for them to not
        humiliate me...
                            Pages 1 and 2 Attachments to
                            Inmate Cop-out, dated April 13, 2010 —Attached
                            To Statement of Claim(1)

II. United States Liability For Neglected Omission By Government Personnel

     United States is held liable as a 'private' person for the neglected

omission by government personnel 'Myron L. Batts' for not ensuring Inmate

McKenzie (Plaintiff) any subsistence from Unit Manager's derogatory behavior.

This inflicting behavior due to nonassurance by Warden ultimately caused  a

traumatic event to re-surface because she felt subjected to scrutinizing

behavior due to not being protected:

        SEE ATTACHED FTCA PAGE 1 & 2 — EMOTIONAL DURESS AND
        BISCRIMINATION

1 See denial letter Dated August 25, 2010 by BOP Agency



**U.S. Department of Justice**

Federal Bureau of Prisons

*Beckley Consolidated Legal Center*

---

*1600 Industrial Park Road, P.O. Box 1280*
*Beaver, West Virginia 25813*

August 25, 2010

Cassie McKenzie
Register No. 31788-074
FPC Alderson
P.O. Box A
Alderson, West Virginia 24910

Re: Your Tort Claim No. TRT-MXR-2010-05713 .

Dear Ms. McKenzie:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.*, and authority granted under 28 C.F.R. § 0.172. You claim government liability in the amount of $150,000.00. Specifically, you allege that you have been forced to endure discrimination by staff at FPC Alderson.

Constitutional torts are not cognizable under the Federal Tort Claims Act. In <u>FDIC v. Meyer</u>, 114 S. Ct. 996 (1994), the Supreme Court explained that to be actionable under the Tort Claims Act, a claim must allege that the United States would be liable to the claimant as a private person in accordance with the law of the place where the act or omission occurred. Because by definition federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right, the United States has not rendered itself liable under the tort claim provisions for constitutional tort claims.

Based on the above, your claim is denied. This is a final denial of your claim. If you are not satisfied with this determination, you have six months from the date of the mailing of this letter to bring suit in an appropriate United States District Court, should you wish to do so.

Sincerely,

Debbie Stevens
Supervisory Attorney

for:

Michelle T. Fuseyamore
Regional Counsel

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Beckley Consolidated Legal Center<br>P.O Box 1280<br>1600 Industrial Park Road<br>Beaver,WV 25813 | Cassie McKenzie<br>31788074,B03-54U<br>FederalPrison Camp<br>P.O Box A Alderson,WV 24910 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>07/29/1981 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>April 13,2000 Tuesday | 7. TIME (A.M. OR P.M.)<br>around 8:15 pm |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damages, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

    See Attached: Basis of Claim: Emotional Duress & Discrimination

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
    N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)    N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

    See Attached: Nature and Extent of Injury Caused Upon Claimant p.2

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Counselor Teresa Webb | Alderson Federal Prison Camp,P.O Box A, Alderson,WV |
| Case Manager Melissa Evans | Transferred to Another Federal Facility-Address Unknown |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>N/A | 12b. PERSONAL INJURY<br>$150,000.00 | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$150,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Cassie McKenzie* | 13b. Phone number of signatory<br>N/A | 14. DATE OF CLAIM<br>08/07/2010 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States.<br>(See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine of not more than $10,000 or imprisonment for not more than 5 years or both.<br>(See 18 U.S.C. 287, 1001.) |
|---|---|

Basis of Claim: Emotional Duress
&
Discrimination

## I. Introduction

Unit Manager Tina Altizer exhibited behavior that caused a triggering of a traumatic experience that occurred during my incarceration that I have not shared with any psychologists here at this facility (Alderson Federal Prison Camp). Unit Manager Tina Altizer also mocked my faith in a higher power concerning an ongoing pending litigation in court. The event occurred at a Unit Team Program Review meeting - April 13, 2010, around 8:15pm (team meeting scheduled for around 6:35pm). Unit Manager was exhibiting a behavior of frustration because I had not completed any other programming besides religious functions in the institution. She became defiant when I justified my reasons of not obtaining religious certificates for Unit Team Program Review.

## II. Unit Manager Demonstrated Discrimination Toward Faith And Caused Old Wounds Of Emotional Duress To Revolve

Unit Manager commented by saying, 'I know you're in that religious thing!? Do you got any certificates for that!?' I told her, 'No, we usually don't receive them until we are released.' Her immediate response, 'You're God! You're believing believing your God! Huh! Something in appellate court! Don't stand a chance! (something of that nature)'. Only thing I could think of, of her obscene comment, was when I had my first initial team. I told the staff in attendance (Counselor Teresa Webb and Case Manager Melissa Evans - whom is no longer at this facility) about my pending litigation in court and my faith in God concerning that motion (date of event discussed May 2008). Every program review, Unit Manager Altizer manages to make mocking comments about my faith. I didn't say anything or think anything the first two times, because I figured maybe she was having a bad day. But the last event August 13, 2010, I knew then it was more than that (a bad day). This last event triggered something in me that I thought I was healed from. Three weeks before I was sentenced, I was interviewed by Special Agents and Prosecuting Attorneys concerning my case. In the course of the interview, Prosecuting Attorney David C. Jennings lunged across the table, both hands stretched forward inches from my neck. He said, 'Let me leave, before I do something I regret!' David Jennings immediately bussouled out of the room and slammed the door. I was crying profusously, because I have

p. 1

never experienced something of that caliber in my life. My attorney and investigator
that was present tried to console me. I wrote the District Judge in my court about the
event of that day and I'm still awaiting a decision. Unit Manager's demeanor reminds
me of how prosecution Jennings was talking to me that day beginning of January 2008.
During the interview, he was very blatant and indifferent. Unit Manager Altizer some-
times exhibit the same attributable behavior of David Jennings in her body language
gestures,grand dialect. The second team I had, she paced back and forth with her head
held high and laughed obnoxiously,'You're waiting on a wing and prayer!'The last
event, April 13,2010, Counselor Teresa Webb and Case Manager Melissa Evans were pre-
sent. I was emotionally distraught that I left the program review meeting without
being properly dismissed by the other staff. Unit Manager had already left to attend
another program review.[1]

## Nature And Extent Of Injury Caused Upon Claimant

The nature of the injurious behavior described above has caused an emotional pass event
to trigger inside of me. After of the event of April 13, 2010, I have been becomed very
irritable and indifferent toward inmates that cause harm to me. I even became upset and
indifferent toward officers when they tried to calm me down or question why I am upset.
In my Inmate Central File it is a report of temperance issues that I believe strongly
was triggered by the event of April 13,2010. I believe the next encounter with Unit Mana-
ger Altizer will cause me to re-live that event that happened a little over 2 years ago,
if she persistently continues to act in a derogatory behavior consistent to my former
prosecutor David C. Jennings. I also feel,now, somehow reluctant to mention my faith to
others, because I know believe it would be used against me to damage my character. The
above mentioned 'Basis of Claim' can be healed overtime with licensed trained professionals
that I will be seeking upon my release. I believe psychological wounds can be healed through
the proper therapeutic sessions allotted in a serene environmental setting over a period of
time.

[1] See Attached Administrative Remedy being evaluated concerning Unit Manager's
derogatory behavior.

p. 2

**Statement Of Claim (3): BOP's Board Of Inquiry Policy Also Neglects To Protect Inmate McKenzie From Misconduct By Staff Which Subjected Her To Cruel And Unsual Punishment**

SEE ATTACHED: BP-10

As plaintiff stated in **Statement of Facts:**

OIA (Office of Internal Affairs) must investigate any incident when employee conduct may have occurred to ensure protedtion of **employee rights** (emphasis added) and preservation of evidence.

This appoimted right stated in PS(Policy Statement) 1210.21 (3/9/2000) is for the protection of the employee's rights and to preserve any evidence is only beneficial to employee's of government. Plaintiff now believes this implementation of poltcy provisions could not be enacted, because plaintiff could not show any violation or violative evidence respectfully besides staff statements administrated throughout the institution BP-9s and BP-10s respectfully:

See Attached BP-10 Response by Regional Director justifying not deviating from the Institution Warden's decision:

Y0ur allegations were investigated and were not substantiated. We find no reason to depart from the decision made at the institution level.

By Regional Director C. Eichenlaub

RECEIPT – ADMINISTRATIVE REMEDY


DATE: AUGUST 30, 2010


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : CASSIE MCKENZIE, 31788-074
      ALDERSON FPC    UNT: 4    QTR: B03-541U


THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 599068-R1
DATE RECEIVED  : AUGUST 26, 2010
RESPONSE DUE   : SEPTEMBER 25, 2010
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 8, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : CASSIE MCKENZIE, 31788-074
      ALDERSON FPC     UNT: 4    QTR: B03-541U
      GLEN RAY RD. BOX A
      ALDERSON,   WV 24910


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 597507-R1       REGIONAL APPEAL
DATE RECEIVED  : JULY 1, 2010
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,   REGIONAL OFFICE,. OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 3: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 4: YOU DID NOT SUBMIT YOUR REQUEST OR APPEAL ON THE PROPER
                 FORM (BP-9, BP-10, BP-11) (CIRCLE ONE)

REJECT REASON 5: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 2, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : CASSIE MCKENZIE, 31788-074
      ALDERSON FPC      UNT: 4     QTR: B03-541U
      GLEN RAY RD. BOX A
      ALDERSON,  WV 24910


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 592370-R1        REGIONAL APPEAL
DATE RECEIVED   : MAY 11, 2010
SUBJECT 1       : UNICOR WORK ASSIGNMENT - OTHER
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: McKenzie,Cassie E.                    31788-074              B-3              Alderson,WV 24910
       LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.            UNIT                  INSTITUTION

Part A—REASON FOR APPEAL **Grounds:** (1) Warden of institution failed to administer an investigation in accordance to PS 1210.21 Board of Inquiry And Inquiry Teams (3/9/2000) when Inmate McKenzie alleged that staff member, Unit Manager Tina Altizer, discriminated against inmate because of faith and was defiant in behavior in behavior when administering Unit Team Program Review. (2) Warden of institution failed to notify the appropriate parties to conduct investigation if institution does not have a 'local inquiry team' in accordance to PS 1210.21 Board of Inquiry and Inquiry Teams (3/9/2000). **Continuation of Relief Sought:** Questions pertaining to polygraph exam: 9. Approximately 2 years ago, did you arise from your chair and point your finger 1 inch from Counselor Webb's nose and tell her to 'stop working on visitation forms' due to behavior issues in inmate's living quarters (called fishbowl)? 10. Spring this year, have you ever became dissatisfied with the performance of Counselor Webb and it caused you to become frustrated and indifferent toward her until the problem was corrected?

        SEE ATTACHED STATEMENT OF FACTS AND RELIEF SOUGHT ALONG
        WITH WARDEN'S RESPONSE AND BP-9

8/12/2010
——————————
DATE                                                  ——————————————————————
                                                       SIGNATURE OF REQUESTER

Part B—RESPONSE

——————————                                            ——————————————————————
DATE                                                   REGIONAL DIRECTOR

f dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar ays of the date of this response.

)RIGINAL: RETURN TO INMATE                             CASE NUMBER: _____

'art C—RECEIPT

                                                       CASE NUMBER: _____

.eturn to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

UBJECT: _____

**Statement Of Facts:** Unit Manager Tina Altizer did exhibit behavior incoherent with Standards of Employee Conduct PS 3420.09 - 'Abusive/Obscene Language': regarding inmate's religious belief. Unit Manager lied to Institution Warden of nonadmittance to stated admitted facts in inmate's BP-9. Counselor Webb is consider a victim of inmate's BP-9;therefore,her comment on inmate's complaint would be consider null and void from her point of view, because she exhibited a melancholy behavior illustrated in inmate's dialogue-attributable to Counselor Webb's reaction regarding Unit Manager's grotesque comments pertaining Counselor's work performance and other ministerial acts sufficient to the daily operations of adherent to job title description: Unit Counselor (See Relief Sought, BP-9).Inmate McKenzie did not feel offensive toward the recommendations by Unit Team but was offended by demeaning behavior exhibited in Unit Manager by making derogatory comments about inmate's faith in God concerning a pending litigation and court and Unit Manager's aggressive tone regarding quitting current job and seeking employment through UNICOR as a telephone operator - all in a bully tactic manner if viewing parties were permitted to see. Encouragement in Unit Program Review does not allot to the above mentioned factors were you are felt forced/propelled to agree in order for the obscene language to subside. Investigation process should have been conducted in accordance to PS 1210.21 Board of Inquiry And Inquiry Teams (3/09/2000) of inmate's alleged complaint regarding Unit Manager's derogatory comment about inmate's faith: discriminatory behavior. And also, Unit Manager's demeanoratory behavior regarding Counselor Webb :

When employee misconduct may have occurred, clearance must be received from the Chief Office of Internal Affairs (OIA) prior to the appointment of any regional or local inquiry Team. OIA must investigate any incident when employee conduct may have occurred to ensure protection of employee rights and preservation of evidence. To accomplish this objective, an OIA staff member is to serve as a member of a Board of Inquiry when staff misconduct may be involved.
Any allegations of violations of law must be reported by the Bureau's Office of Internal Affairs, to the Department of Justice, Office of the Inspector General (OIG) prior to the creation of a Board of Inquiry or Inquiry Team.

**Relief Sought:** Inmate McKenzie requests that a 'Regional Inquiry Team' outlined in Program Statement 1210.21 (3/9/2000) be conducted regarding Unit Manager's derogatory behavior regarding Inmate's faith in God concerning a pending litigation in federal court. Unit Manager's bully tactile behavior in persistently invoking Inmate McKenzie to quit current job as a recreational specialist and seek employment at UNICOR. Inmate McKenzie request Unit Manager undergoe 'polygraph examination' to prove evidential matters mentioned above if allotted to prove derogatory behavior exhibited by Unit Manager in accordance to PS 5110.13 Polygraph Test Administering (12/15/99).

Following questions asked concerning Unit Manager's Behavior:

1. On April 13, 2010, at approximately 8:15pm did you make a derogatory comment concerning Inmate's McKenzie pending litigation in court?
2. In any sentence did you say quote 'your God!'?
3. Did you arise from your chair during program review and mumbled something in relation to your comment regarding Inmate McKenzie's Faith?
4. Have you in the past, during any program review meetings with Inmate McKenzie brings up her motion pending in court?
5. During these times of mentioning her motion in court, do you provoke her to try to defend her faith in God concerning her motion?
6. Where you upset when Ms. McKenzie did not want to take your offer to accept a job at UNICOR as being a telephone operator?
7. Did you become frustrated toward Ms. McKenzie when she explained the reasons for not obtaining religious certificates from church?
8. After finding Ms. McKenzie not obtaining any sort of certificates from program review, did you refuse to help her in trying to obtain a 'DD 214' military document in applying for distance learning courses in a college she mentioned she had applied to?

continued questions 9 & 10 on BP-10 Form

## REGIONAL ADMINISTRATIVE REMEDY APPEAL
### Part B - Response

**Date Filed: August 26, 2010**          **Remedy No.: 599068-R1**

You appeal the Warden's response to your Request for
Administrative Remedy. You allege your Unit Manager acted
derogatory towards you during your program review.  Additionally,
you indicate your Unit Manager made derogatory comments towards
the counselor.

The Bureau of Prisons (BOP) takes allegations of staff misconduct
very seriously.  Your allegations were investigated and were not
substantiated.  We find no reason to depart from the decision made
at the institution level.

Your appeal is denied.  If you are dissatisfied with this
response, you may appeal to the General Counsel, Federal Bureau of
Prisons, 320 First Street, N.W., Washington, D.C.  20534.  Your
appeal must be received in the General Counsel's Office within 30
days from the date of this response.

SEP 16

_____          _____
Date                             D. Eichenlaub
                                 Regional Director
                                 Mid-Atlantic Region

**Statement Of Claim (4): Warden of Institution later improvised Institution Supplement Which Shows the need to avoid 'Cruel And Unusual Punishment' By staff**

The implementation of Institution Supplement (effective September 17, 2010) reflects the need for avoiding 'cruel and unusual punishment'. Had this Institution Supplement been orchestrated at the time Inmate McKenzie was going through ordeals, she would have not undergone scrutinizing behavior for the past two years up until the past event April 13, 2010.[1] Given the circumstances of Inmate McKenzie's case it is too late and she has been invoked rights pursuant to Title 18 U.S.C §4042 that is allotted inmates' protection from 'inalienable' rights (subsistence) which includes manipulative behavior from cruel and unusual punishment with the respect of a pending litigation in federal court.

[1] Compare Institution Supplements Dated: July 30, 2009 and September 17, 2010 Exhibit A and B

**U S Department of Justice**



**Number:** *ALD* 1330.16

**Date:** July 30, 2009

**Subject:** Administrative Remedy
Procedures for Inmates

**Federal Prison System**
*Federal Prison Camp*

Alderson, W V 24910

# INSTITUTION SUPPLEMENT

1.   **PURPOSE:**  This Institution Supplement establishes procedures and responsibilities for the Administrative Remedy process.

2.   **DIRECTIVES AFFECTED:**

    A.   Program Statement 1330.16, dated December 31, 2007, is referenced.

    B.   ALD 1330.13, dated April 23, 2008, is superseded.

    C.   American Correctional Association 4th Edition Standards for Adult Correctional Institutions: 4-4248, 4-4284.

3.   **RESPONSIBILITY:** The Associate Warden is designated as the Administrative Remedy Coordinator and will appoint an investigator upon receipt of a request. Responses will be reviewed by the Administrative Remedy Coordinator prior to distribution to the Warden for final review.  Responsibility for the investigation of complaints and the drafting of the reply will be assigned to the department head, who may further delegate the process to any staff member deemed appropriate, with retention of overall accountability.  Department head approval will be signified through signature.

The Warden's Secretary is the designated Administrative Remedy Clerk with responsibility for keying the initial entry and the final disposition into SENTRY for all remedies.  Unit staff are responsible for retrieving, printing and delivering receipt and extension notices to the inmate as they are automatically generated and routed by SENTRY.

4.   **ACTION:**

    A.   Informal Resolution:

Prior to filing a Request for Administrative Remedy, an inmate is required to discuss the issue with a Correctional Counselor.  The Counselor will objectively discuss the complaint in an effort to informally resolve the issue(s) within 48 hours of notification.  A reasonable time frame and a private setting are required to foster appropriate dialogue in the informal resolution process.  Neither the

ALD 1330.16
July 30, 2009
Page 2

inmate nor the Counselor should overlook the importance of this process, as informal resolution serves to strengthen and unify institution management while providing the inmate population with a sense of staff responsiveness. The filing of the formal Request for Administrative Remedy may be postponed for the same 48 hour period, as long as the delay is not inconsistent with the nature of the complaint. Counselors will complete a thorough written summary of their attempt(s) to achieve informal resolution.

B.     Formal Filing:

1.     The inmate will file the Request for Administrative Remedy with her Counselor.

2.     The Counselor will document the inmate's initial grievance in a log book with the date the complaint was registered.

3.     The Counselor will document in the log book when the informal resolution process commenced and when it was completed.

4.     The Counselor will then log the date the inmate was provided with an official BP-9 form.

5.     The Counselor will complete the Correctional Counselor's Administrative Remedy Form, Attachment 1, and log the date of the form submission to the Unit Manager.

6.     After the Unit Manager reviews the request, he/she will initial the BP-9 form and forward it to the Administrative Remedy Coordinator.

C.     Investigation:

The Administrative Remedy Clerk will compile a routing packet of the complaint and forward it to the designated Department Head. The packet will include the following:

1.     A copy of the Correctional Counselor's Administrative Remedy Form, Attachment 1.

2.     A copy of the inmate's Request for Administrative Remedy Form and all attachments.

3.     Investigative Report format, Attachment 2.

The Department Head will have ten (10) days to research the complaint and prepare a draft response. This process may include a review of all documentation and interviews with the inmate and witnesses. The Department Head must review and sign the report ( Attachment 2). Only the Administrative

ALD 1330.16
July 30, 2009
Page 3

Remedy Coordinator may grant requests for time extensions.  Ordinarily, extensions are given for unusual circumstances and will not be approved when the delay is attributed to a busy schedule.  All investigation reports must be signed by the appropriate Department Head.

D.      Response:

A double spaced, draft response will be provided at the conclusion of the investigation.  The response will be forwarded to the Administrative Remedy Coordinator and the Administrative Remedy Clerk via Local Area Network, and a hard copy of the response will be routed with the investigation folder to the Administrative Remedy Coordinator.  The sample format, Attachment 3, will be used.  The final response will be typed by the Administrative Remedy Clerk.  All responses will be approved and signed by the Warden or Acting Warden prior to final distribution.

_____
Amber L. Nelson
Warden


PRIMARY REVIEWER:      Associate Warden
Attachments:          3

ALD 1330.16
July 30, 2009
Attachment 1

# FEDERAL PRISON CAMP
## ANDERSON, WEST VIRGINIA
## CORRECTIONAL COUNSELOR'S ADMINISTRATIVE REMEDY FORM

INSTRUCTIONS:   Complete and attach original of this report if you are unable to resolve problem/complaint informally.

_____     _____     _____     _____
(Inmate Name)                (Reg. No.)            (Unit/Range)         (Code)

INMATE COMPLAINT: _____
_____
_____
_____

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:(Be specific and provide significant background for the investigation.)
_____
_____
_____
_____

COUNSELOR'S FINDINGS AND RECOMMENDATIONS:
_____
_____
_____
_____
_____

                                        _____
                                        COUNSELOR'S SIGNATURE

ALL RELEVANT DOCUMENTS FOR THIS ADMINISTRATIVE REMEDY ATTACHED

                                                        DATE & INITIAL
1. BP-9 REQUESTED AND INFORMAL RESOLUTION INITIATED:    _____
2. INFORMAL RESOLUTION COMPLETED:                       _____
3. BP-9 ISSUED:                                         _____
4. BP-9 RECEIVED FROM INMATE:                           _____
5. REVIEWED BY UNIT MANAGER:                            _____
6. BP-9 RECEIVED BY EXECUTIVE ASSISTANT:                _____
7. ASSIGNED TO INVESTIGATOR:                            _____

CC: UNIT MANAGER

***FOI EXEMPT***

ALD 1330.13
July 30, 2009
Attachment 2
Page 1 of 2

Date:

To:        Administrative Remedy File

From:

Subject:    Investigation Report For _____

This form is provided to facilitate the investigation of the assigned Administrative Remedy.
I have determined the validity of the grievance in light of facts, discrepancies, disparities
in dispositions and/or other pertinent information.   Specifically, I reviewed files and
memoranda, interviewed any witnesses or other persons who may be able to reveal
relative information. In cases where specific departments were referred to, the department
head involved was interviewed.  Attached to the investigation is my draft response.

1.    Date of Administrative Remedy:_____

2.    Date of Incident:_____

3.    Witnesses and/or other parties who can provide information:

       A.    Name:_____

              His/her comments relative to the complaint: _____
              _____
              _____
              _____

       B.    Name:_____

              His/her comments relative to the complaint: _____
              _____
              _____
              _____

       C.    Name:_____

              His/her comments relative to the complaint: _____
              _____
              _____

              (Use additional sheets if there are more witnesses than provided for on this
              sheet).

ALD 1330.13
July 30, 2009
Attachment 2
Page 2 of 2

4.   Review of documents, files, memoranda pertinent to the complaint.   Brief
     assessment of their relevance to the complaint:

     _____

     _____

     _____

     _____

5.   Findings and assessments of the complaint in terms of its validity:

     _____

     _____

     _____

     _____

     _____

6.   Type Draft Response.


7.   _____

     Investigator's signature                              Date


THIS REPORT WILL BE KEPT WITH THE REQUEST FOR ADMINISTRATIVE REMEDY.

ALD 1330.16
July 30, 2009
Attachment 3

## REQUEST FOR ADMINISTRATIVE REMEDY
### ROUGH DRAFT
### (DOUBLE SPACED)

INMATE:

REMEDY NO:

INVESTIGATED BY:

REVIEWED BY:     SOI_____   ASSOCIATE WARDEN_____   WARDEN_____